# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

GEORGE NUTT; and
CLAY WILLIAMS                                                              PLAINTIFFS

V.                           4:05CV01400 JLH/JTR

DR. JOHNSON, Pulaski
County Detention Facility, et al.                                          DEFENDANTS

## ORDER

Plaintiffs George Nutt and Clay Williams, who are currently being held at the Pulaski County Detention Center ("PCDF"), have filed a single *pro se*[1] Complaint pursuant to 42 U.S.C. § 1983. *See* docket entry #1. Neither Plaintiff has paid the filing fee or filed an Application to Proceed *In Forma*

---

[1] Plaintiffs are hereby notified of their responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiffs are further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court) shall be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal <u>will not</u> be treated as a strike. Therefore, if at some stage in this litigation, any Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

*Pauperis.* Additionally, Plaintiff Williams has not signed the Complaint or raised any personal constitutional violations. Accordingly, the Court will order each Plaintiff to file a <u>separate</u> Application to Proceed *In Forma Pauperis* and a separate Amended Complaint.

### I. Payment of the Filing Fee or In *Forma Pauperis* Applications

The filing fee for commencing this civil action is $250. No filing payment has been received as of the date of this Order. Thus, the Plaintiffs must either: (1) pay the $250 filing fee in full; or (2) submit <u>separate</u> and <u>properly</u> completed Applications to Proceed *In Forma Pauperis*. In other words, only one $250 filing fee payment must be paid – and not a separate $250 filing fee for each of the two Plaintiffs. Any such payment must clearly indicate that it is for the filing fee of *"Nutt and Williams. v. Johnson, et al.*; 4:05CV01400 JLH/JTR." In contrast, if the Plaintiffs choose to proceed *in forma pauperis*, rather than paying the filing fee, they must <u>each</u> file <u>separate</u> and <u>properly completed</u> Applications to Proceed *In Forma Pauperis.*

In the instance that Plaintiffs choose to request permission to proceed *in forma pauperis,* they should be aware that, even if such permission is granted, they must, nevertheless, pay the $250 filing fee. 28 U.S.C. § 1915(b)(1). The only difference is that by being granted permission to proceed *in forma pauperis*, Plaintiffs will be allowed to pay the $250 filing fee in installments over a period of time, rather than in one lump payment. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). **However, Plaintiffs should be aware that if their case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $250 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In the Complaint, Plaintiff Nutt alleges that Defendants delayed approximately ten days in providing him with medical care for a spider bite. *See* docket entry #1. As it now stands, Plaintiff's allegations are too vague to enable the Court to determine whether they are frivolous/malicious or fail to state a claim for relief under § 1915A.

In contrast, Plaintiff Williams has not raised <u>any</u> allegations in regard to inadequate medical care or any other constitutional violations that he personally suffered.  Additionally, Plaintiff Williams did not sign the Complaint.

Accordingly, the Court will send <u>each</u> Plaintiff a <u>separate</u> Amended Complaint form, which they must individually complete, sign, and return to the Court within thirty days of the entry of this

Order. Plaintiffs must complete each part of the supplied form <u>without attaching any additional sheets or writing on the back of the supplied form</u> and, when possible, provide specific facts concerning their allegations including, where applicable, dates, times, and places.

Finally, the Court notes that, within the last month, Plaintiff Williams has filed four other lawsuits in this district: (1) *Williams et al. v. Johnson, et al.* 4:05CV01315 JMM/JWC; (2) *Williams et al. v. Johnson, et al.,* 4:05CV01346 WRW/HDY; (3) *Williams et al. v. Johnson, et al.* 4:05CV01347 JLH/HDY; and (4) *Williams et al. v. Johnson, et al.* 4:05CV01357 WRW/HDY. In most of those actions, Plaintiff has not raised separate allegations as to how his constitutional rights were personally violated and, instead, merely signed Complaints raising allegations suffered by other detainees at the PCDF. As explained in footnote 1 to this Order, Plaintiff Williams may incur a separate "strike" if he is dismissed from any of those actions because: (1) they are malicious or frivolous; (2) Plaintiff Williams has failed to state a separate claim upon which relief may be granted; or (3) Plaintiff Williams fails to timely and properly respond to a Court order. Thus, it would be better for Plaintiff to file a Motion to Voluntarily Dismiss himself from any case in which he does not allege a personally suffered constitutional violation.

### III. Conclusion

1.     The Clerk is directed to send Plaintiffs Nutt and Williams <u>separate</u> Applications to Proceed *In Forma Pauperis,* along with <u>separate</u> prisoner calculation sheets.

2.     Plaintiffs Nutt and Williams shall, **within thirty days of the entry of this Order**, either: (a) pay the $250 filing fee in full; or (b) file <u>separate</u> and <u>properly</u> <u>completed</u> Applications to Proceed *In Forma Pauperis*, along with <u>separate</u> prison calculation sheets.

3.      The Clerk is directed to send Plaintiffs Nutt and Williams <u>separate</u> Amended Complaint Forms.

4.     Each Plaintiff is reminded (as fully explained in footnote 1 to this Order) that his failure to timely and properly comply with any portion of this Order could result in that Plaintiff's

claims being dismissed from this lawsuit, without prejudice, and that such dismissal could constitute a strike, pursuant to 28 U.S.C. § 1915(g).

5. Service is <u>not</u> appropriate upon Defendants at this time.

Dated this 19th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE